IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHARON HUNTER | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| VERSUS | * | |
| | * | |
| JEFFERSON PARISH PUBLIC SCHOOL | * | |
| SYSTEM, JEFFERSON PARISH SCHOOL | * | SECTION "    " (    ) |
| BOARD, CEDRIC FLOYD, MARION BONURA, | * | |
| RICKY JOHNSON, RAYMOND ST. PIERRE, | * | |
| ISAAC JOSEPH, AND MELINDA DOUCET | | |

FILED: _____     _____
                                                                                           DEPUTY CLERK

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes Sharon Hunter who avers the following:

### PARTIES

1. Plaintiff is a resident of the State of Louisiana, Parish of Jefferson, and is a female over the age of forty (40) who was an employee of the Jefferson Parish Public School System (JPPSS), and the executive administrative assistant of the Jefferson Parish School Board (JPSB).

2. At all times pertinent, Plaintiff's employer pursuant to 42 USC § 2000 et. seq was the JPPSS and/or the JPSB and its members.

3. The JPPSS is a public entity that employs thousands of employees and is charged with the education of thousands of students in Jefferson Parish.

4. The JPSB is a Louisiana State political Board that regulates the JPPSS.

5. Cedric Floyd is an elected member of the JPSB and was president of the JPSB in 2015.

6.	Marion Bonura is an elected member of the JPSB.

7.	Ricky Johnson is an elected member of the JPSB.

8.	Raymond St. Pierre is an elected member of the JPSB and was president of the JPSB in 2016.

9.	Isaac Joseph is the Superintendant of the Jefferson Parish School System.

10.	Melinda Doucet is an elected member of the JPSB.

11.	This Court has original jurisdiction in this action pursuant to 28 USC §§ 1331, 1343 and 1367.  Venue is proper in this Court in that all pertinent conduct related to the defendants and all the defendants are within the jurisdiction of this Court.

12.	Plaintiff filed a complaint with the EEOC.  More that 180 days elapsed since the filing of the Complaint and by letter dated January 17, 2017, Karen Ferguson of the EEOC issued plaintiff a letter providing plaintiff the right to institute a civil action under Title VII of the Civil Rights act of 964 as amended, 42 USC 2000e.

13.	Plaintiff, a female, was the executive administrative assistant to the Jefferson Parish School Board and was employed by the JPPSS.  She had been employed and promoted within the JPPSS since 1993.

14.	Plaintiff's immediate supervisor was Isaac Joseph, superintendant of the JPPSS.

15.	In January of 2015, Floyd became president of the JPSB.

16.	Since becoming president of the JPSB Floyd systematically harassed, humiliated, embarrassed, and isolated plaintiff on the basis of her gender.

17.	Floyd directed plaintiff's workstation to be moved from the traditional work area.  He isolated her to a separate office and directed that no one was to speak with her.

Joseph and the named School Board defendants agreed with this conduct and/or failed to stop this conduct.

18. Floyd insisted that he have constant contact with plaintiff which included her personal contact information and that she was available after normal working hours. Joseph and the named School Board defendants agreed with this conduct and/or failed to stop this conduct

19. In June of 2015, the defendant Board Members and Joseph attended a retreat in Baton Rouge.  Late at night Floyd called the plaintiff on her personal cell phone and yelled at her for asking if he needed assistance when she earlier saw Floyd in the lobby.

20. In June of 2015, Floyd constantly harassed and berated plaintiff on her personal cell phone.  Additionally as she was preparing the Board meeting agenda with Joseph and other JPPSS personnel defendant Floyd called her an outlaw.

21. In July of 2015, Floyd constantly disrupted and berated plaintiff during a training session on new equipment saying she did not know what she was doing.  He further told her she was not in control.

22. In August of 2015, the Board received a $25 million dollar settlement check at nighttime Board Meeting.  Floyd wanted Plaintiff to place the check in her desk.  Other Board Members and the CFO suggested the check be placed in the JPPSS safe in the CFO's Office.  The check was placed in the safe.  Late that night, Floyd called plaintiff on her personal cell phone and upon discovering that the check was in the safe and not immediately available to him, he angrily and verbally abused the plaintiff.  Early the next workday plaintiff called Floyd to inform him that she retrieved the check and was available.  When he arrived at the office, he verbally abused  the plaintiff in such a

verbally violent manner, that other JPPSS workers reported a security issue and the JPPSS office building was placed on lock down to deal with the security threat.

23. Floyd's constant conduct of harassment, berating and isolation of the plaintiff was a tactic used by Floyd to allow him to exercise control and authority over a female subordinate employee.

24. Plaintiff informed her supervisors Acting Superintendant Michelle Bloun-Williams and defendant, Joseph, as well as the defendant and non-defendant Board Members of Floyd's abusive behavior on numerous occasions and these individuals personally witnessed Floyd's abusive behavior.

25. Ms. William suffered similar abuse from Floyd and the result was that she was not selected as the Superintendant and defendant Joseph was named as the superintendant.

26. In August of 2015, plaintiff filed a formal complaint (harassment grievance) against Floyd with Joseph, the Superintendant of the JPPSS. The grievance was directed to Mr. I. Harold Koretzsky, who was hired by the JPPSS, to investigate the complaint.

27. After plaintiff filed the harassment grievance, she was further isolated in the JPPSS office. She was not provided any duties and was ignored by other JPPSS workers.

28. The isolation, banishment, and silent treatment directed toward plaintiff were punishment for filing a grievance.

29. The implementation of the **silent treatment** towards plaintiff by defendants directly and indirectly was an abusive method of control, punishment, avoidance, and/or disempowerment.

30. The conduct of the defendants was a constructive termination of the plaintiff and she continued to suffer from anxiety and emotional distress, which was exacerbated by her treatment post complaint, forcing her to leave her employment of over 20 years.

31. The report was completed by Mr. Koretzsky with little or no cooperation from Floyd and other defendants.

32. Koretzsky submitted his report for review to the JPSB and the JPSB delayed receiving and reviewing the report and eventually refused by a 5 to 4 vote to accept the report.

33. The Board members voting not to receive the report after previously voting to have the report made were Floyd, Bonura, St. Pierre, Johnson and Doucet.

34. The five defendant Board Members along with superintendant Joseph collectively engaged in a process to trade political positions, jobs, contracts with each other to violate plaintiffs civil rights.

35. Floyd has a history of verbally abusing and harassing females in the JPPSS.

36. The collective process of the defendants to barter for passage of Board Resolutions to violate plaintiff's civil rights included:

a. The award of insurance contracts to the highest bidder as opposed to the lowest bidder, although the insurance consultant hired by the Board recommended the lowest bidder.  This action cost the district substantially more to the disadvantage of the students and families of the district.

b. Hiring of Joseph as the superintendant and dismissing the female acting superintendant causing Joseph to be owing Floyd and others and the compensation to be paid to defendant Joseph.

c.     Promoting the spouse of superintendant Joseph.

d.     Promoting the spouse of defendant Johnson.

e.     Transferring the spouse of defendant Bonura to a preferred location, employing Bonura's son and granddaughter.

f.     The JPSB electing Floyd, St. Pierre and Doucet to leadership positions on the Board.

g.     Allowing Board members to micromanage the hiring of JPPSS personnel, especially the position of school principals.

h.     Contracting with the teacher's union to the disadvantage of the school district and the children and families its serves.

i.     Awarding the dental coverage to the teacher's union dental plan at more expense to the JPSB with fewer benefits to the beneficiaries.

j.     Attempting to redistrict the attendance zones in an effort to disguise the poor performance of schools and principals who were awarded positions based on performance not on merit.

k.     Allowing acts of retribution by allowing a high performing principal, who worked with Bonura when he was a teacher in that school to forcibly be transferred to another school.

37.    The defendants' conduct violated plaintiff's civil rights had a punitive affect on the children attending Jefferson Parish Public Schools to the extent that SPS scores have fallen and the District ranking has plunged.

38. Following the vote not to accept the report prepared by Mr. Koretzsky, defendant Joseph sent a Public Records Request to plaintiff demanding all of her private telephone records and emails related to the grievance she filed against defendant Floyd.

39. Defendant Joseph's Public Records Request on plaintiff continued the sexual harassment and retaliation against plaintiff by the defendants.

40. Defendant Floyd, and possibly other defendants coerced Joseph to demand from plaintiff her personal and private cell phone records, although Floyd failed to cooperate with the investigation and no similar Public Records Request was made on any of the defendants.

RETALIATION

41. Defendants retaliated against Plaintiff for filing a claim or grievance against defendant Floyd in violation of LSA RS 23:967 and LSA RS 42:1169.

42. Plaintiff re-asserts and re-alleges the allegations in paragraphs 1-40.

43. Defendants, in particular Defendant Floyd, were engage in acts contrary to law and violations of the Code of Governmental Ethics regarding the employment of relatives, the awarding of contracts, personal compensation for Defendant Joseph as alleged herein and allowing acts of retribution against other JPPSS employees.

44. Defendants are liable in solido to plaintiff for loss of past and future wages and benefits, mental and emotional pain and suffering, humiliation and embarrassment, past and future medical cost, penalty and punitive damages as allowed by law, and attorney fees.

Wherefore plaintiff, Sharon Hunter, prays that her Complaint be deemed good and sufficient and after due proceedings be had there be judgment herein in favor of

plaintiff and against defendants together with interest, attorney fees, and all other equitable relief allowed by law.

RESPECTFULLY SUBMITTED:

*Michael R Delesdernier*

_____
Michael R. Delesdernier #16883
2728 Athania Pky
Metairie, LA 70002
Telephone (504) 281-4106
delesdernierlaw@cox.net

Attorney for plaintiff Sharon Hunter