SHARON HUNTER

VERSUS

JEFFERSON PARISH PUBLIC
SCHOOL SYSTEM ET AL.

CIVIL ACTION

NO. 17-2015

MAGISTRATE JUDGE
JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTIONS

This is an employment discrimination action brought by plaintiff Sharon Hunter against her former employer(s), the Jefferson Parish Public School System (the "School System"); the Jefferson Parish School Board (the "Board"); the Board's individual members, Cedric Floyd, Marion Bonura, Ricky Johnson, Raymond St. Pierre and Melinda Doucet; and the School System's Superintendent, Isaac Joseph. Hunter asserts claims of sex discrimination, hostile work environment, constructive discharge and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq.; and reprisal in violation of the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967, and the Code of Governmental Ethics, La. Rev. Stat. § 42:1169. She seeks compensatory and punitive damages. Complaint, Record Doc. No. 1; First Supplemental and Amending Complaint, Record Doc. No. 19.

This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 25.

Defendants filed a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss all of plaintiff's claims. Record Doc. No. 5. Hunter filed a timely opposition memorandum, Record Doc.

No. 12, and defendants received leave to file a reply memorandum. Record Doc. Nos. 21, 23, 24.

After defendants filed their motion to dismiss, plaintiff received leave to amend her complaint without opposition, Record Doc. Nos. 11, 15, 18, 19, to assert a jury demand and to attach three documents: (1) her purported "charge with the EEOC [Equal Employment Opportunity Commission] against all defendants on February 13, 2016," which is a letter from Hunter to the EEOC dated February 13, 2016; (2) the EEOC's purported "Charge of Discrimination to the defendants based on the Plaintiff's Charge filed with the EEOC," which is an unsigned, undated copy of Hunter's formal charge that she signed and filed on May 2, 2016 (see Defendant's Exh. A, Record Doc. No. 5-2, for the signed and dated charge); and (3) the right to sue letter sent by the EEOC to Hunter on January 17, 2017. Record Doc. No. 19.

Plaintiff then filed a Motion for Leave to File a Second Supplemental and Amending Complaint, which she states is opposed by defendants. Record Doc. No. 27. Defendants' opposition to this motion is not yet due. During a telephone conference with counsel for the parties on July 6, 2017, plaintiff's attorney advised the court that this motion and the proposed second amendment address only <u>some</u> of the pleading deficiencies in the complaint on which defendants' motion to dismiss is based. Hunter also filed a Motion for Leave to File a Supplemental Memorandum in opposition to defendants' motion to dismiss. Record Doc. No. 28.

Having considered the complaint as amended, the record, the arguments of the parties and the applicable law, and for the following reasons, IT IS ORDERED that defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART as follows.

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to File a Second Supplemental and Amending Complaint, Record Doc. No. 27, is DISMISSED WITHOUT PREJUDICE, subject to the order contained herein permitting plaintiff one final opportunity to amend to cure pleading defects, as required by Fifth Circuit precedent. IT IS FURTHER ORDERED that her Motion for Leave to File a Supplemental Memorandum is DENIED.

IT IS FURTHER ORDERED that, **no later than July 25, 2017,** plaintiff must file and notice for submission a new motion to amend the complaint that both addresses all pleading deficiencies identified below and incorporates any other amendments sought by her dismissed Motion for Leave to File a Second Supplemental and Amending Complaint.

I.    <u>STANDARDS OF REVIEW</u>

Defendants move to dismiss some of plaintiff's claims under Fed. R. Civ. P. 12(b)(1), which requires dismissal if the court lacks subject matter jurisdiction over the claim. Motions brought under Rule 12(b)(1)

> allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts.

      The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord Crane v. Johnson, 783 F.3d 244, 250-51 (5th Cir. 2015) (citations omitted).

A Rule 12(b)(1) motion should be granted only if it appears certain that plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. Venable v. La. Workers' Comp. Corp., 740 F.3d 937, 941 (5th Cir. 2013); Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion under Rule 12(b)(6). In re Mirant Corp., 675 F.3d 530, 533 (5th Cir. 2012); Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008).

Defendants move to dismiss most of plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Under this rule, as clarified by the Supreme Court,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations[,] 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen,  547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 129 S. Ct. at 1959; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

Hunter did not attach any documents to her original complaint. Defendants attached to their motion plaintiff's formal Charge of Discrimination, which she signed under penalty

of perjury on May 2, 2016, Defendant's Exh. A, Record Doc. No. 5-2; and the EEOC's right to sue letter. Defendant's Exh. B, Record Doc. No. 5-3. Plaintiff then attached to her unopposed, first amended complaint the letter that she sent to the EEOC on February 13, 2016, which she is calling her "charge;" an unsigned, undated copy of her formal Charge of Discrimination; and the EEOC's right to sue letter.

> On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings, including attachments thereto. The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are <u>referred to in the pleadings and are central to a plaintiff's claims</u>.

<u>Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.</u>, 748 F.3d 631, 635 (5th Cir. 2014) (quotation and footnotes omitted) (emphasis added).

Plaintiff's letter to the EEOC, her unsigned charge and the right to sue letter are thus part of the pleadings. In addition, her original complaint referred to the formal Charge of Discrimination, which is central to her Title VII claims. The court can take judicial notice of this EEOC document submitted by defendants with their motion, which is a public record whose authenticity is not disputed. <u>Papasan v. Allain</u>, 478 U.S. 265, 269 n.1 (1986); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1346 n.6 (5th Cir. 1994); <u>Davenport v. HansaWorld USA, Inc.</u>, 23 F. Supp. 3d 679, 686 n.1 (S.D. Miss. 2014); <u>Thomas v. Lowe's Home Ctrs., Inc.</u>, No. 13-0779, 2014 WL 545862, at *2 n.5 (W.D. La. Feb. 10, 2014); <u>Tucker v. Waffle House, Inc.</u>, No. 12-2446, 2013 WL 1588067, at *2, *6 (E.D. La. Apr. 11, 2013) (citing <u>Funk v. Stryker Corp.</u>, 631 F.3d 777, 783 (5th Cir. 2011)) (additional citations omitted).

The court therefore considers the formal Charge of Discrimination without converting defendants' motion to dismiss into one for summary judgment. <u>Carter v. Target Corp.</u>, 541 F. App'x 413, 416-17 (5th Cir. 2013).

II.    <u>ANALYSIS</u>

A.    <u>The School System Lacks the Procedural Capacity to Be Sued</u>

Defendants contend that all claims against the School System must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the School System, which is a parish school district, lacks the procedural capacity to be sued.  Hunter responds that the School System was her employer.  However, even if that were correct, employer status is not determinative of an entity's capacity to be sued.

"A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."  La. Civ. Code art. 24.  A few years ago, the much-respected Judge Vance of this court held that the Jefferson Parish School System is <u>not</u> a juridical entity capable of being sued.

> [D]efendant contends that the Jefferson Parish School Board, not the Public School System, is the proper defendant.  Under Louisiana law, a parish school board may create school districts.  La. Rev. Stat. 17:1371.  Defendant contends that the School System qualifies as a district, which plaintiff does not dispute.  A parish board serves as the governing body of the school districts it creates and "has the power to order, conduct and hold all elections in these districts for purposes of voting special school taxes."  La. Rev. Stat. 17:1373.  Further, parish boards constitute bodies corporate with the power to sue and be sued.  La. Rev. Stat. 17:51.
> The Court finds that, under Louisiana law, the Jefferson Parish School Board is the entity that governs the Jefferson Parish Public School System.  Parish school boards "have much discretion to determine the number of

schools; location of the schools; number of teachers employed; teachers' salaries; and adopt policies and procedures for the superintendent to uphold." Hamilton v. City of Natchitoches, 903 So. 2d 1247, 1250 (La. Ct. App. 2005), writ denied, 922 So.2d 550 (La. 2006). With such extensive management carried out by the Parish School Board, there is no indication that the School System functions independently or acts as a separate unit. See Williams v. Recovery School Dist., 859 F. Supp. 2d 848 (E.D. La. 2012) (school district administered by state Department of Education not a juridical person capable of being sued). . . . [P]arish boards are entities established by the Louisiana Constitution that are distinct from the districts they create and serve. See Hamilton, 903 So. 2d at 1250.

. . . . Accordingly, because the [School System] is not a juridical person under Louisiana law that may be subject to suit, plaintiff's claims must be dismissed.

Spears v. Jefferson Parish Pub. Sch. Sys., No. 12-1991, 2013 WL 1868456, at *2-3 (E.D. La. May 2, 2013). None of the statutes cited by Judge Vance has changed since 2013.

Hunter argues that Spears should not apply because plaintiff in that case conceded that the School System was not a proper defendant. Id. at *3. However, Judge Vance did not rely solely on that admission for her conclusion, but independently analyzed the law and allegations of the complaint. In the instant case, Hunter presents no reason to deviate from that analysis, which I find persuasive. Accordingly, defendants' motion to dismiss is GRANTED IN PART as to Hunter's claims against the School System, which are dismissed with prejudice.[1]

---

[1]Hunter notes that the claims in Spears were dismissed without prejudice. However, unlike the instant case, plaintiff Spears sued only the School System. Dismissal without prejudice allowed Spears to refile her claims against the Board, which was the proper defendant, and is already a property named defendant in this case.

B.     Title VII Claims Against the Individual Defendants

Defendants move pursuant to Rule 12(b)(6) to dismiss plaintiff's Title VII claims against the individual defendants in their official and individual capacities.  The complaint does not specify in which capacity Hunter names these defendants.  However, it is settled that "[i]ndividuals are not liable under Title VII in either their individual or official capacities."  Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 382 (5th Cir. 2003) (emphasis added); accord Smith v. Amedisys Inc., 298 F.3d 434, 449 (5th Cir. 2002) (citing Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994)).

In her opposition memorandum, Hunter cites only decisions that are not on point and does not address this well-established case law.  Accordingly, defendants' motion is GRANTED IN PART and plaintiff's Title VII claims, if any, against the individual defendants in their individual and official capacities are dismissed with prejudice.

C.     Claims Under the Code of Governmental Ethics, La. Rev. Stat. § 42:1169

Defendants move pursuant to Rule 12(b)(6) to dismiss plaintiff's retaliation claims asserted under the Louisiana Code of Governmental Ethics, La. Rev. Stat. § 42:1169. These claims fail because no private right of action exists for violations of this statute.

Section 1169 prohibits reprisal against a state government employee for disclosing another public employee's allegedly improper acts.

> A.  Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes

indicates a violation of any law . . . or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline, reprisal, or threats of discipline or reprisal by the public employer for reporting such acts . . . .

B. (1)(a) If any public employee is suspended, demoted, dismissed, or threatened with such suspension, demotion, or dismissal as an act of reprisal for reporting an alleged act of impropriety in violation of this Section, the public employee shall report such action to the [Board of Ethics].

La. Rev. Stat. § 1169(A), (B)(1)(a).  "The Board of Ethics shall administer and enforce the provisions of this Chapter and the rules, regulations, and orders issued hereunder with respect to public employees and elected officials . . . ."  Id. § 1132(C).

This statute "does not provide a private right of action for [a state employee] to sue in either state or federal court."  Wilson v. Tregre, 787 F.3d 322, 328 (5th Cir. 2015) (citing Collins v. State ex rel. Dep't of Natural Res., 118 So. 3d 43, 47-48 (La. App. 1st Cir. 2013)) (emphasis added).  A public employee's remedy "is through the Board of Ethics. . . . [The statute] does not provide an independent right of action, rather, it relies upon other statutes [including La. Rev. Stat. § 23:967] to provide a right of action."  Collins, 118 So. 3d at 47 (emphasis added); accord Maurer v. Town of Indep., No. 13-5450, 2015 WL 893457, at *15 (E.D. La. Mar. 2, 2015), reconsidered in part on other grounds, 2015 WL 4097022 (E.D. La. July 7, 2015) (citing La. Rev. Stat. § 42:1132(C); Collins, 118 So. 3d at 47-48; Nolan v. Jefferson Parish Hosp. Serv. Dist., 790 So. 2d 725, 732 (La. App. 5th Cir. 2001)).

Hunter relies on the Louisiana Fifth Circuit Court of Appeal's statements in <u>Nolan</u> that "public employees have a right of action under La. R.S. 23:967 and . . . R.S. 23:967 and R.S. 42:1169 are not mutually exclusive," and "that public employees have a right of action for retaliatory discharge under La. R.S. <u>23:967</u>." <u>Nolan</u>, 790 So. 2d at 731-32 (emphasis added). Plaintiff fails to mention that <u>Nolan</u> also held that

> [j]urisdiction to enforce the Code of Governmental Ethics lies in the Board of Ethics. <u>We find no provision for any private right of action</u> under the Code of Governmental Ethics; the employee's remedy is to complain to the Board of Ethics, which then investigates and takes action to protect the employee, if appropriate.

<u>Id.</u> at 732 (citing La. Rev. Stat. § 42:1132(C)) (emphasis added). This rule of law has been consistently followed by the state and federal courts cited in the preceding paragraph, including a published decision of the United States Court of Appeals for the Fifth Circuit, which is binding on this court.

Thus, Hunter cannot bring a claim in this or any other court under La. Rev. Stat. § 42:1169. Accordingly, defendants' motion to dismiss is GRANTED IN PART and plaintiff's retaliation claims under La. Rev. Stat. § 42:1169 are dismissed with prejudice.

D. <u>Claims Under the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967</u>

Defendants move pursuant to Rule 12(b)(6) to dismiss plaintiff's retaliation claims brought under the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967. Defendants argue that these claims prescribed under Louisiana law no later than September 15, 2016, which was one year after Hunter resigned and which, according to defendants, was the last

day that any retaliatory act could have occurred. Plaintiff filed the instant lawsuit on March 9, 2017, more than five months after that one-year prescriptive period.

> The Whistleblower Statute provides:
>
> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. Rev. Stat. § 23:967(A).

According to the complaint, Hunter filed an employment grievance against defendant Floyd on August 12, 2015. She alleges that defendants then harassed her in retaliation for the grievance until she felt compelled to resign. She filed a formal charge of discrimination and retaliation with the EEOC on May 2, 2016, alleging that the unlawful acts of which she complained occurred between June 1 and September 15, 2015. Defendant's Exh. A, Record Doc. No. 5-2. These are the dates upon which defendants rely for their prescription argument.

However, Hunter asserts that defendants' retaliatory acts continued after she resigned. She states in her opposition memorandum that, on March 15, 2016, she responded to

> a harassing and retaliatory letter she received from defendants signed by Joseph demanding that she turn over her personal phone records and other documents. . . . Hunter remained under continuous threat of wrongful

12

> conduct by the defendants until she realized that the defendants would not act
> on their prior threats to demand her personal records. This continuous threat
> existed until plaintiff realized that defendants were bluffing and harassing
> and would not follow through on their threats. These threats continued into
> April or May of 2016.

Record Doc. No. 12 at p. 12. Without specifying any dates, plaintiff's complaint similarly

alleges that, at Floyd's direction, "Joseph sent a Public Records Request to plaintiff

demanding all of her private telephone records and emails related to the grievance she filed

against defendant Floyd," which "continued the sexual harassment and retaliation against

plaintiff by . . . Floyd, and possibly other defendants." Record Doc. No. 1 at ¶¶ 38-40.

Plaintiff argues that her letter to the EEOC on February 13, 2016, constituted the

filing of a "charge." She contends that, because of defendants' alleged retaliatory events

after her resignation, prescription on her whistleblower claim "did not begin to toll until

April of 2016 and that prescription was interrupted when she filed the EEOC Charge on

February 13, 2016," which interruption or suspension continued until January 17, 2017,

when the EEOC sent its right to sue letter. Record Doc. No. 12 at p. 12.

The Whistleblower Statute contains no specific prescriptive period. Because

whistleblower claims are delictual in nature, they are subject to the general one-year

prescriptive period of Louisiana Civil Code article 3492. Williams v. Otis Elevator Co.,

557 F. App'x 299, 302 (5th Cir. 2014); Haynes v. Ga. Pac., LLC, No. 14-743-JWD-RLB,

2016 WL 5660470, at *11 (M.D. La. Sept. 29, 2016); English v. Wood Grp. PSN, Inc., No.

15-568, 2015 WL 5061164, at *6 n.2 (E.D. La. Aug. 25, 2015); Murray v. Louisiana, No.

08-254-RET-SCR, 2011 WL 703653, at *7 (M.D. La. Feb. 2, 2011), report & recommendation adopted, 2011 WL 706495 (M.D. La. Feb. 18, 2011), aff'd, 439 F. App'x 349 (5th Cir. 2011).

It is well established that filing a charge with the EEOC does not suspend the running of prescription for claims asserted under Section 23:967.

> [T]he court has found nothing to indicate that the Whistleblower Statute is suspended during any administrative review or investigation.
>
> In determining the commencement date of the prescriptive period for [plaintiff's state law discrimination and whistleblower] claims, the court notes its reliance upon La. Civ. Code art. 3492, which reads in pertinent part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."
>
> The one-year prescriptive period on [plaintiff's discrimination] claims began to run on August 20, 1999, the date she identified on her Charge of Discrimination as the latest date the discrimination took place. The court finds this day to be that on which the injury or damage was sustained. Nearly nine months later, on May 19, 2000, she filed a Charge of Discrimination with the EEOC. The prescriptive period was then suspended (on claims other than the whistleblower claim) in accord with La. Civ. Code art. 3472. . . .
>
> [Plaintiff's] claim under the Whistleblower Statute began to run in September 1999, the date she identified on her Charge of Discrimination as the date of her transfer. The court finds this day to be that on which the injury or damage was sustained. It prescribed in September 2000 [despite her filing of a Charge of Discrimination in May 2000], more than one year before this lawsuit was filed on November 28, 2001.

Langley v. Pinkerton's Inc., 220 F. Supp. 2d 575, 581-82 (M.D. La. 2002) (emphasis added); accord Williams, 557 F. App'x at 302; Haynes, 2016 WL 5660470, at *11.

Thus, even if Hunter's February 13, 2016, letter is a "charge," see Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) (for purposes of the Age Discrimination in Employment Act, a complainant's filing with the EEOC is deemed a charge if it can be

"reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee"); accord Kirkland v. Big Lots Store, Inc., 547 F. App'x 570, 572 n.3 (5th Cir. 2013) (same in a Title VII case), it did <u>not</u> interrupt or suspend the running of prescription on her whistleblower claims. Her claims under Section 23:967 regarding discrete acts of retaliation that occurred on or before September 15, 2015 prescribed one year later, long before she filed this lawsuit on March 9, 2017.

However, Hunter's complaint alleges retaliatory actions by defendants that apparently occurred after she quit her job. Although she alleges in her opposition memorandum that she responded on March 15, 2016, to Joseph's allegedly retaliatory request for her private telephone records and emails and that the "threats" continued into April or May 2016, her complaint does not state the date of Joseph's allegedly retaliatory request and does not mention any "threats" that she received in April or May 2016. The Whistleblower Statute forbids "reprisal" by an "employer," which "includes firing, layoff, loss of benefits, or <u>any discriminatory action the court finds was taken as a result of an action by the employee that is protected</u> under Subsection A of this Section." La. Rev. Stat. § 23:967(C)(1) (emphasis added). Hunter and defendants have not briefed whether actionable reprisal may occur under Section 23:967 <u>after</u> a public employee has left her employment or whether such acts might constitute a continuing violation that would suspend the running of prescription. See Williams, 557 F. App'x at 302 (quotation and

citation omitted) (brackets in original) (The "continuous tort doctrine . . . does not suspend the statute of limitations indefinitely for discrete acts of discrimination simply because the ripple effects of those acts cause lingering harm. It is the tort that must be continuous, not the repercussions of that tort. A continuing tort is occasioned by [the continual] unlawful acts, not the continuation of the ill effects of an original, wrongful act.").

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Hunter amended her complaint once without opposition to incorporate certain documents regarding her EEOC charge and to assert a jury demand, but has not yet had an opportunity to amend to clarify her claims in response to defendants' motion to dismiss.

Accordingly, defendants' motion is DENIED IN PART at this time as to plaintiff's claims under La. Rev. Stat. § 23:967. The court gives Hunter leave to file a motion for leave to file an amended complaint, **no later than July 25, 2017,** to clarify the dates and specific nature of defendants' allegedly retaliatory actions and the legal basis for a right to recovery under that statute. If plaintiff fails to do so, this claim will be dismissed by the court without further briefing.

E.     Title VII Claims of Sex Discrimination, Hostile Work Environment and Constructive Discharge

Defendants argue that Hunter fails to state a claim for which relief can be granted for sex discrimination or harassment under Title VII because she has "alleged no facts to show that any of the alleged treatment at work was based on a protected category" or "to allege any specific adverse employment action, a required element to show discrimination." Record Doc. No. 5-1 at p. 10-11. Plaintiff responds only with the same generic allegations and legal conclusions as in her complaint. Record Doc. No. 12 at pp. 13-14. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Contrary to defendants' argument, plaintiff need not plead all of the specific facts of a prima facie case of discrimination or harassment in order to survive a Rule 12(b)(6) motion to dismiss. Such a rule would impermissibly "substitute an 'evidentiary standard' for a 'pleading requirement.'" Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

However, defendants are correct that Hunter's complaint "did not allege any facts, direct or circumstantial, that would suggest [defendants'] actions were based on [her gender] . . . or that [defendants] treated similarly situated [male] employees . . . more favorably" than they treated her. Id. Nor has she "alleged any connection between [her gender] and the harassment alleged in the complaint" sufficient to plead a hostile work

environment claim "that raises [her] right to relief 'above the speculative level.'" Id. (quoting Bass v. Stryker Corp., 669 F.3d 501, 506 (5th Cir. 2012)).

Plaintiff has alleged constructive discharge, which is an adverse employment action, based on discrimination and/or a hostile work environment. But "[d]iscrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge," Brown v. Kinney Shoe Corp., 237 F.3d 556, 566 (5th Cir. 2001)), and Hunter "must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment" to establish constructive discharge based on a hostile work environment. Noack v. YMCA, 418 F. App'x 347, 352 (5th Cir. 2011) (citing Stover v. Hattiesburg Pub. Sch. Dist., 549 F.3d 985, 991 (5th Cir. 2008)). Because Hunter's complaint fails to allege plausible claims of sex discrimination and/or gender-based hostile work environment, she also fails to allege a plausible constructive discharge claim.

Plaintiff may be able to state plausible claims for relief on these grounds if given a chance to amend her complaint. Hernandez, 306 F. App'x at 182. Accordingly, the court gives Hunter leave to file a motion for leave to file an amended complaint, **no later than July 25, 2017**, to allege specific facts that raise her sex discrimination, hostile work environment and constructive discharge claims above the speculative level. Again, if plaintiff fails to do so, these claims will be dismissed by the court without further briefing.

F.    Plaintiff's Retaliation Claim Under Title VII

Defendants contend that plaintiff's "allegations of retaliation in her Complaint are expressly limited to two state statutes."  Record Doc. No. 5-1 at p. 9 (citing Record Doc. No. 1 at ¶ 41).  Therefore, defendants did <u>not</u> move to dismiss any retaliation claim that Hunter might be asserting under Title VII and plaintiff did not address any such claim in her opposition.  However, her complaint alleges that defendants "punish[ed]" her for having filed a "harassment grievance" against defendant Floyd, which certainly can be construed as alleging retaliation in violation of Title VII.  Record Doc. No. 1 at ¶¶ 26-29.  Because defendants have moved to dismiss <u>all</u> of plaintiff's claims, the court sua sponte examines Hunter's Title VII retaliation claim under the Rule 12(b)(6) standard.  <u>Century Sur. Co. v. Blevins</u>, 799 F.3d 366, 372 (5th Cir. 2015); <u>Davoodi v. Austin Indep. Sch. Dist.</u>, 755 F.3d 307, 310 n.1 (5th Cir. 2014).

Title VII protects an employee from retaliation <u>only</u> for having engaged in "a protected activity," <u>Amanduron v. Am. Airlines</u>, 416 F. App'x 421, 424 (5th Cir. 2011) (citing <u>Gee v. Principi</u>, 289 F.3d 342, 345 (5th Cir. 2002)), <u>i.e.</u>, because she has opposed a racial, ethnic, religious or gender-based employment practice, made a charge or participated in a proceeding regarding such a practice.  <u>Burlington N. & Santa Fe Ry. v. White</u>, 548 U.S. 53, 58 (2006) (citing 42 U.S.C. § 2000e-3(a)); <u>McCoy v. City of Shreveport</u>, 492 F.3d 551, 561 n.28 (5th Cir. 2007).  "Complaints to employers that do not complain of conduct <u>protected by Title VII</u> do not constitute protected activities under the

statute." <u>Williams v. Racetrac Petroleum, Inc.</u>, 824 F. Supp. 2d 723, 726 (M.D. La. 2010) (quotation omitted) (citing <u>Burlington N.</u>, 548 U.S. at 58)) (emphasis added); <u>accord</u> <u>Raby v. Westside Transit</u>, 224 F. App'x 384, 385 (5th Cir. 2007) (citing <u>Grimes v. Tex. Dep't of Mental Health</u>, 102 F.3d 137, 140 (5th Cir. 1996)).

As with her allegations of discrimination and harassment discussed in the preceding section, Hunter's complaint does not specifically assert facts to show that her gender (or other protected characteristic, if any) was the basis for her harassment grievance against Floyd, "which is required to state a claim for retaliation under Title VII." <u>Amanduron</u>, 416 F. App'x at 424. Yet, she may be able to state a plausible claim for relief on this basis if given a chance to amend her complaint. <u>Hernandez</u>, 306 F. App'x at 182. Accordingly, the court gives Hunter leave to file a motion for leave to file an amended complaint, **no later than July 25, 2017**, to allege specific facts that raise her retaliation claim under Title VII, if she is asserting one, above the speculative level, subject to the same order that this claim will be dismissed if she fails to do so.

G.    <u>Punitive Damages Claims</u>

Defendants argue that Hunter cannot assert a punitive damages claim against the Board under Title VII. While employees may sue employers who are "governments, governmental agencies, [or] political subdivisions," 42 U.S.C. § 2000e(a), plaintiffs are precluded by Section 1981a(b)(1) from recovering punitive damages against those types of entities. <u>Oden v. Oktibbeha Cty.</u>, 246 F.3d 458, 465-66 (5th Cir. 2001) (citing 42 U.S.C.

§ 1981a(b); <u>Baker v. Runyon</u>, 114 F.3d 668, 669 (7th Cir. 1997)).  "Congress, in enacting section 1981a, exempted all government agencies from the Act's punitive damage provision, with no articulated exceptions."  <u>Baker</u>, 114 F.3d at 669.

The Board is a "governmental agency" for purposes of Title VII and Section 1981a(b)(1).  <u>Pollard v. Hinds Cty.</u>, No. 3:13CV324-DPJ-FKB, 2014 WL 5324384, at *2 (S.D. Miss. Oct. 17, 2014) (citing <u>Oden</u>, 246 F.3d at 465-66; <u>Baker</u>, 114 F.3d at 669).  Thus, Hunter cannot state a claim for punitive damages against the Board under Title VII.

Although plaintiff's complaint does not expressly limit her punitive damages demand to her Title VII claims, defendants have not moved to dismiss any punitive damages claim that she might assert under Louisiana law.  However, to the extent Hunter is seeking punitive damages under Louisiana law, it is clear that such damages are <u>not</u> available for her state law causes of action.  The court therefore raises this issue sua sponte and dismisses plaintiff's state law claims for punitive damages, if any, for failure to state a claim.  <u>Century Sur. Co.</u>, 799 F.3d at 372; <u>Davoodi</u>, 755 F.3d at 310 n.1.

"'In Louisiana, there is a general public policy against punitive damages; thus a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute.'"  <u>Celestine v. TransWood, Inc.</u>, 467 F. App'x 317, 319 (5th Cir. 2012) (quoting <u>Romero v. Clarendon Am. Ins. Co.</u>, 54 So. 3d 789, 791 (La. App. 3d Cir. 2010)).  "Louisiana law authorizes punitive damages in relation to only three acts:  child pornography, driving while intoxicated, and criminal sexual activity during

childhood." Thigpen v. Fla. Gas Transmission Co., No. 14-1415, 2014 WL 6606966, at *1 (E.D. La. Nov. 19, 2014) (citing La. Civ. Code. arts. 2315.3, 2315.4, 2315.7); accord Fabre v. Old Navy, LLC, No. 10-3381, 2011 WL 5038843, at *3 (E.D. La. Oct. 24, 2011) (citing La. Civ. Code. arts. 2315.3, 2315.4, 2315.7; Ross v. Conoco, Inc., 828 So. 2d 546, 555 (La. 2002)); Arabie v. CITGO Petroleum Corp., 89 So. 3d 307, 336 (La. 2012) (Guidry, J., concurring in the result) (citing Bellard v. Am. Cent. Ins. Co., 980 So. 2d 654, 667 (La. 2008)).

Accordingly, defendants' motion is GRANTED IN PART and plaintiff's claims for punitive damages under Title VII and Louisiana state law are dismissed with prejudice.

H.    Standing

The court agrees with defendants that "it is completely unclear" what cause of action Hunter attempts to allege in paragraphs 36 and 37 of her complaint.  Defendants argue that plaintiff has "alleged no facts to show that she has legal standing to bring any claims that may arise out of numerous alleged various facts" in those paragraphs regarding the collective bargaining process, which allegedly "disadvantage[s] the students and families of the district"; the selection of Joseph as superintendent; the employment relationships of various other Board members' family members; the election of certain defendant Board members to leadership positions; union contract and dental contract details; and redistricting and transfer allegations unrelated to plaintiff.  Hunter alleges that these actions "had a punitive affect on the children attending Jefferson Parish Public Schools to the

extent that SPS scores have fallen and the District ranking has plunged." She vaguely asserts that these actions violated her "civil rights." Record Doc. No. 1 at ¶¶ 36-37. The court agrees with defendants that plaintiff's allegations in these paragraphs, to the extent they attempt to assert any cause of action, should be dismissed under Rule 12(b)(1).

"[S]tanding consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548 (quotations and citation omitted). "'The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" Nieto-Ramirez v. Holder, 583 F. App'x 330, 331 (5th Cir. 2014) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). Hunter has not alleged any injury to herself in paragraphs 36 and 37 of her complaint.

Plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." Ramming, 281 F.3d at 161. Because she has not alleged a sufficient injury in fact to satisfy the requirements of constitutional standing, her claims must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Crane v. Johnson, 783 F.3d 244, 255 (5th Cir. 2015).

Dismissal for lack of subject matter jurisdiction is usually without prejudice because it is not a decision on the merits, and Hunter would be free to pursue her claim in another forum or at another appropriate time when this court would have jurisdiction. Jabary v. McCullough, No. 15-40009, 2017 WL 1405744, at *3 (5th Cir. Apr. 19, 2017); Int'l Energy Ventures Mgmt. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016). Accordingly, defendants' motion is GRANTED IN PART and plaintiff's claims, if any, asserted in paragraphs 36 and 37 are dismissed without prejudice pursuant to Rule 12(b)(1).

## CONCLUSION

For all of the foregoing reasons, IT IS ORDERED that defendants' motion to dismiss is GRANTED IN PART as follows:

(1)  Plaintiff's claims against the School System are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6).

(2)  Plaintiff's Title VII claims against the individual defendants in their individual and official capacities, if any, are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6).

(3)  Plaintiff's retaliation claims under the Louisiana Code of Governmental Ethics, La. Rev. Stat. § 42:1169, are dismissed WITH PREJUDICE pursuant to Rule 12(b)(6).

(4)  Plaintiff's claims for punitive damages under Title VII and Louisiana law are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6).

(4)  Plaintiff's claims, if any, asserted in paragraphs 36 and 37 are DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1).

IT IS FURTHER ORDERED that defendants' motion to dismiss is DENIED IN PART at this time, in that plaintiff must file a new motion for leave to file an amended complaint, **no later than July 25, 2017**, that contains sufficient factual matter to state plausible claims of retaliation under the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967, and of sex discrimination, hostile work environment, retaliation and constructive discharge under Title VII.  If she does not file an amended complaint within that time, these claims will be deemed dismissed with prejudice.  The new motion for leave to amend must also incorporate any other amendments sought by plaintiff's dismissed Motion for Leave to File a Second Supplemental and Amending Complaint.

Plaintiff's claims remaining for trial at this time are her retaliation claim under the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967, against all defendants (other than the School System, which has been dismissed) and her claims of sex discrimination, hostile work environment, retaliation and constructive discharge under Title VII against the Board, subject to the requirement that she file a motion for leave to file another amended complaint concerning those claims, as provided above.

New Orleans, Louisiana, this ____7th____ day of July, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE