IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHARON HUNTER | * | CIVIL ACTION |
| | * | |
| | * | NO.   17-2015 |
| VERSUS | * | |
| | * | SECTION " I " |
| JEFFERSON PARISH PUBLIC SCHOOL | * | JUDGE AFRICK |
| SYSTEM, JEFFERSON PARISH SCHOOL | * | |
| BOARD, CEDRIC FLOYD, MARION BONURA, | * | MAG. DIV. (2) |
| RICKY JOHNSON, RAYMOND ST. PIERRE, | * | MARISTRATE JUDGE |
| ISAAC JOSEPH, AND MELINDA DOUCET | * | WILKINSON |

FILED: _____         _____
                                      DEPUTY CLERK

## SECOND SUPPLEMENTAL AND AMENDEDING COMPLAINT

NOW INTO COURT, through undersigned counsel comes Sharon Hunter to file this Second Supplemental and Amending Complaint.

By Order and Reasons dated July 7, 2017 the Court granted the plaintiff the opportunity to amend her Complaint and First Supplemental Complaint by July 25, 2017. Plaintiff's Motion for Leave to file a Second Supplemental and Amending Complaint was dismissed without prejudice.

Plaintiff re-avers the allegations of her Original Complaint and her First Supplement and Amending Complaint and amends as follows:

TITLE VII GENDER HARASSMENT ACTION

50.     Plaintiff, an employee of the Jefferson Parish School Board, held the position of as the executive administrative assistant to the Jefferson Parish School Board.

51.     Her immediate supervisors were Schools Superintendant Isaac Joseph and School Board President Cedric Floyd.

52. Plaintiff was subject to systematic harassment, humiliation and embarrassment on the basis of her gender by Floyd and defendant the JPSB and its agents and employees.

53. The acts of discrimination, harassment and humiliation include but are not limited to those actions alleged in paragraphs 19-23 of the original complaint.

54. In August of 2015 plaintiff filed a formal complaint against Floyd. The defendant, JPSB, hired Mr. I Harold Koretzky to investigate plaintiff's complaint.

55. Attorney Harold Koretzky investigated plaintiff's complaint by direction of the defendants. Mr. Koretzky rendered a report dated October 30, 2015 detailing Floyd's wrongful conduct. A copy this report is attached here to and referred to as ( Ex 1). Additionally this document was attached to Plaintiff's Complaint filed with the EEOC.

56. Plaintiff incorporates the Koretzky report into the complaint in particular the itemized acts of harassment of Floyd and the inaction and inaction of Joseph and the JPSB.

57. After Plaintiff filed the harassment grievance she was isolated by the JPSB. She was removed from her office. She was not assigned any work duties and other employees were informed or discouraged from interacting with plaintiff.

58. The isolation banishment, and silent treatment directed toward plaintiff was an act of retaliation and punishment for filing a grievance.

59. Defendant's conduct was a constructive termination of the plaintiff by causing her anxiety, emotional distress and a hostile work environment.

60. The Jefferson Parish School Board continued to delay to review the report and in February of 2016 engaged in an additional act of harassment and retaliation when the JPSB refused to accept or hear the Koretzky at a Board meeting.

61.     On February 25, 2016, Joseph on the behest and with the consent of Floyd and the JPSB, engaged in additional act of discrimination, harassment, and retaliation when Joseph demanded that plaintiff deliver to the defendants, at her own expense, her private telephone records, emails and texts claiming that JPSB was entitled to her personal records.

62.     On March 15, 2016 Plaintiff corresponded with Joseph to respond to the February 25th letter and informing him that his letter was a continuing effort to retaliate and harass her.

63.     After March 15th, Joseph's administrative assistant called Plaintiff and asked if she was going to respond to Joseph's and record demand on behalf of the JPSB.  Plaintiff advised Joseph's administrative assistant that she sent the letter dated March 15th.

64.     In addition to the acts of discrimination, harassment, and retaliation alleged above other specific acts of gender discrimination by the defendant JPSB against the plaintiff established a hostile work environment.  No other similarly situated male employee was subject to the previously described acts of harassment and those acts of gender discrimination to follow including but not limited:

a.      In January 2015, Floyd relocated plaintiff's work space out of the established location and to a private office.  No other similarly situated male employee has had his work station moved into a private office.

b.      In January 2015, Floyd required plaintiff to be constantly available to him on her personal cell phone and the JPSB provided cells phones.  Floyd called plaintiff excessively.  No other similarly situated male employee was made to be available at all times, use their private cell phone and be subject to an excessive amount of phone calls.

c.  Floyd directed with the consent of the superintendant to have the windows of Plaintiff's work space darkened. No other similarly situated male employee had the windows of their work space darkened.

d.  Floyd sent Plaintiff 401 text messages from February to August of 2015, 220 of messages was outside of Plaintiff's work schedule. No other similarly situated male employee was subject to excessive text messages and excessive text messages after work hours.

e.  In June of 2015 while the School Board was at an out of town retreat, Floyd called Plaintiff late at night in her hotel room.  He complained that she saw him in the hotel lobby.   His voice was so loud, plaintiff had to leave the room so her daughter was not disturbed. No other similarly situated male employee was subject to late night calls.

f.  In July or August of 2015 Floyd  repeatedly criticized Plaintiff, forcing Plaintiff to answer the same question over and over for 10 minutes.  Floyd told plaintiff "she had to put up with this kind of harassment all day long, every day".   No other similarly situated male employee has been subject to this type of harassment and directed that they had to put up with it.

g.  In August of 2015 Plaintiff was verbally and continually abused for placing a $25 Million Dollar check in the School System safe instead of her desk.  Following this abuse plaintiff filed a grievance with the JPSB regarding Floyd's behavior.  After she filed the grievance she was removed from her position by Joseph and isolated in another office. She was relieved of all duties and was not given any work assignment. No other similarly situated male employee was subject to isolation and removal after filing a grievance.

h. In September of 2015, after Plaintiff filed a complaint against Floyd, Floyd continued to harass plaintiff in public.  In a September article Floyd publically said: "[I am] under the impression that (my response) might have been taken as too loud.  Voters confirmed how I do business and should do business.  It takes two to tango". No other similarly situated male employee have been subject to public demeaning.

i. In text and emails Floyd berated and harassed Plaintiff as follows:  1) telling her "to think and write like him"  2) requiring her to work late and telling her not to put in for overtime, 3) telling her to text him when she's off, 4), telling her to keep her JPSB phone with her at all times. 5) telling her "I don't chose to ever make you littler… I could have beat[en] you down a little bit…  Whatever you're saying, it doesn't meet my expectation… the problem that I don't know if we can ever get over" then he told plaintiff "I can't beat you up now. I will call you back"  6) In July Floyd called Plaintiff and asks "what's going on" as it had been "five minutes with a call (from her) and his work is about to cone to an end" when she explained she was eating he said "doesn't care… and that there is still time remaining on our clock".  Two days later he called and said he "is thinking about her"  7)  In late July Plaintiff had neck pain where he told her he was "getting and update if your condition changes you are supposed to text me.  Did you take your pills?" No other similarly situated male employee have been subject to the invasive phone calls and text as described.

65. Plaintiff refers and paragraphs 53-64 of this complaint and aver that the allegations also allege that the JPSB has provided a hostile work environment.

## EMPLOYER RETALIATION

66.     Floyd, Joseph and the JPSB retaliated against Plaintiff after she filed the complaint in August of 2015 as follows:

a.     After Plaintiff filed the harassment grievance she was isolated by the JPSB. She was removed from her office. She was not assigned any work duties and other employees were informed or discouraged from interacting with plaintiff.

b.     In September 2015 Floyd in an act of retaliation made public statement regarding Plaintiff's complaint suggesting that his conduct was approved by the voters and the Plaintiff was also at fault when he said "[I am] under the impression that (my response) might have been taken as too loud. Voters confirmed how I do business and should do business. It takes two to tango".

c.     Mr. Koretzky filed his report with Mr. Fanning in October of 2015. The JPSB in an act of retaliation against the delayed their obligation to consider the report until February 2016.

d.     In February of 2016 in an act of retaliation the JPSB voted 5-4 not to review the Koretzky Report.

e.     On February 25, 2016 in an act of retaliation Joseph demanded Plaintiff to deliver to the defendants, at her own expense, her private telephone records, emails and texts claiming that JPSB was entitled to her personal records.

f.     On March 15, 2016 Plaintiff corresponded with Joseph informing him that the February 25th letter was a continuous effort to harass Plaintiff.

g.     After March 15th Joseph's administrative assistant called plaintiff and asked Plaintiff if she was going to respond to the request for personal documents.

67. The conduct described in paragraph 66 were acts of the defendant in retaliation for Plaintiff filing a grievance against Floyd in August of 2015.

## EMPLOYEE PROTECTION LSA 23:967

68. Plaintiff reavers and realleges the allegations contained in paragraph 64g and 66.

69. Pursuant to LSA 23:967 defendant is obligated to protect Plaintiff from acts of reprisal from refusing to place the $25 Million Dollar Check in the desk and placing the check in the JPSB safe overnight and reprisal from the defendant for Plaintiff filing a complaint against Floyd.

70. Plaintiff is entitled to damages including compensatory damages, back pay, reasonable attorney fees and court cost.

## 42 USC 1983 ACTION

70. Made Defendants herein are CEDRIC FLOYD, and ISAAC JOSEPH who deprived plaintiff of her federal constitutional rights by violating or allowing her to be harassed and discriminated against, and having her privacy violated and her safety and security violated.

71. Plaintiff reavers and realleges all allegations in the Original Complaint the First Supplemental and Amending Complaint and allegations above in this Complaint.

72. Floyd and Joseph acted under color of state law Floyd as president of the JPSB and Joseph as the School Superintendant, when they deprived Plaintiff of her federal rights, property interests and right to privacy and freedom from harassment.

73. As a direct and proximate result of Floyd and Joseph wrongful acts in violation of 1983, Plaintiff was banished from her employment and suffered emotional and financial loss.

74.     CEDRIC FLOYD acted under color of law as a school board member and ISAAC JOSEPH acted under color of state law as Superintendant of the Jefferson Parish Public School System.

75.     Plaintiff suffered systematic and continuous harassment from Floyd to the extent that plaintiff filed a formal complaint against Floyd.

76.     Plaintiff filed a formal complaint and attorney Harold Koretzky investigated plaintiff's complaint by direction of the JPSB.  Mr. Koretzky investigated Plaintiff's complaint and rendered a report dated October 30, 2015 detailing Floyd's wrongful conduct.  A copy this report is attached.  Additionally this document was attached to Plaintiff's Complaint filed with the EEOC.

77.     By filing this report Plaintiff incorporates the Koretzky report into the complaint in particular the itemized acts of harassment and deprivation of Plaintiff's civil rights of Floyd and Joseph.

78.     In February of 2016 the CEDRIC FLOYD, MARION BONURA, RICKY JOHNSON, RAYMOND ST. PIERRE, AND MELINDA DOUCET voted not to received the Koretzky report in violation of Plaintiff's right to file a complaint have the complaint heard and reviewed.

79.     On February 25, 2016 Joseph on the behest and with the consent of Floyd, and in violation of 1983 demanded that plaintiff deliver to the defendants, at her own expense, her private telephone records, emails and texts claiming that he records were Public Records.

80. On March 15, 2016 Plaintiff corresponded with Joseph to respond to his February 25th letter and informing him that his letter was a continuing effort to retaliate and harass her.

81. After March 15th, Joseph's administrative assistant called Plaintiff and asked if she was going to respond to Joseph's and record demand on behalf of the JPSB. Plaintiff then advised her that of her letter dated March 15th.

82. Defendants conduct violated Plaintiff's civil rights in violation of 42 USC 1983 and plaintiff is entitled to compensatory and punitive damages, front and back pay and attorney fees and costs.

## BREACH OF CONTRACT

83. Made defendant is the JPSB.

84. Plaintiff has or had an employment contract with the defendants and the defendants breached the employment contract with the plaintiff.

85. Plaintiff as the executive administrative assistant to the Board is an employee of all the defendants.

86. Defendant violated it contract with the Plaintiff when defendant manipulated plaintiffs work hours forcing her work overtime without compensation, outside of normal working hours and forcing her to be on call 24 hours. (Ex 2).

87. Defendants have a contractual agreement not harass plaintiff and to provide plaintiff a grievance process. Defendant breached its contract with Plaintiff when it violated the Work Environment conditions, the "Sexual Harassment or Other Forms of Harassment" obligation (Attached Ex 3) and the "Complaints (Grievances) and Appeals obligation. (Attached Ex 4).

88.     Defendant violated the Work Environment Clause Plaintiff's employment contract by placing her in an isolated office, blackening the windows and prohibiting or restricting her interaction with other employees as described in the Koretzky Report.

89.     Defendant violated the Work Environment Clause of plaintiff's employment contract by forcing her to work overtime without compensation, calling and harassing plaintiff after hours on her personal phone as described in the Koretzky Report.  (See the number of calls made outside the work schedule)

90.     Defendants violated the Harassment Clause and the Complaint Clause of plaintiff's employment contract by allowing the plaintiff to be harassed, failing to prevent plaintiff from being harassed and failing to comply with the Complaint Obligations of Plaintiff's employment Contract.

91.     Defendant violated the Harassment and Complaint Obligation of Plaintiffs employment contract by allowing Floyd to harass plaintiff, allowing Floyd to harass plaintiff while the other defendants received personal benefits including but not limited to promotion and hiring of individual relatives with the School System, awarding contracts to certain vendors which were not in the best interest of the School System, granting of leadership positions to board members and the promotion of Joseph.  Further the defendants voted not to receive the Koretzky Report after it voted to hire and pay Koretzky to make the report.

92.     Defendant violated is contract with plaintiff when plaintiff was forced to be on call after hours, work after hours and not be paid overtime for that labor.

93.     Plaintiff has suffered damages as a result of defendants' breach of contract including loss of pay and the non payment of overtime.

94.     Defendant is liable to Plaintiff for loss of past and future wages and benefits, mental and emotional pain and suffering, humiliation and embarrassment, past and future medical cost, penalty and punitive damages as allowed by law, and attorney fees.

Wherefore plaintiff, Sharon Hunter, prays that her Complaint be deemed good and sufficient and after due proceedings be had there be judgment herein in favor of plaintiff and against defendants together with interest, attorney fees, and all other equitable relief allowed by law.

RESPECTFULLY SUBMITTED:

*Michael R Delesdernier*

_____
Michael R. Delesdernier #16883
2728 Athania Pky
Metairie, LA 70002
Telephone (504) 281-4106
delesdernierlaw@cox.net

Attorney for plaintiff Sharon Hunter

CERTIFICATE OF SERVICE

I certify that the above and foregoing pleading has been served on all counsel of record by the U.S. Mail postage prepaid, hand delivery or facsimile on this 24th day of July 2017

*Michael R. Delesdernier*

_____
Michael R. Delesdernier